# N THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY K. JENKINS, I, *Plaintiff*, v. JACKIE MILLER, d/b/a Okmulgee-Okfuskee County Youth Services[1], RON COPLAN, d/b/a Office of Juvenile Affairs, and TULSA AREA UNITED WAY,[2] *Defendants*, | Case No. CIV-19-082-RAW |

## ORDER

Plaintiff filed his *pro se*[3] Second Amended Complaint on July 22, 2019, alleging federal and state law violations for employer discrimination based on race, age, and disability. Docket No. 22-1. Plaintiff lists "Title VII, Civil Rights laws, American Disability (ADA) and Oklahoma and U.S. Labor laws." Docket No. 22 at 6.

Plaintiff alleges that he had a contract with United Way of Tulsa ("UWT") to work as a therapist under Jackie Miller. He alleges that Miller failed to pay him for work he completed and

---

[1] While Plaintiff refers to this Defendant as "Youth Services," Jackie Miller informs the court and the parties that she is the executive director of Okmulgee-Okfuskee County Youth Services. Docket Nos. 14 and 24.

[2] While Plaintiff refers to this Defendant as "United Way of Tulsa," it informs the court and the parties that its proper name is Tulsa Area United Way. Docket Nos. 28, 29, and 30.

[3] The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 93 F2d 1106, 1110 (10th Cir. 1991). Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

that the UWT did not review Miller's work.  Plaintiff alleges that Miller's stated reason for not paying him was that the client did not show for the appointment.

Plaintiff does not identify any contractual or employer-employee relationship with Ron Coplan, but alleges that Coplan contacted a school district and instructed personnel not to utilize Plaintiff's services.  Plaintiff alleges the Coplan's stated reason for doing this was that Plaintiff had impersonated an Office of Juvenile Affairs ("OJA") worker.  He further alleges that Coplan "has done several other actions."

Now before the court are Defendants' motions to dismiss [Docket Nos. 24, 25, and 30].  Also before the court is Plaintiff's request for an additional 30 days to respond to the motions to dismiss, filed in response to the court's order to show cause for his failure to file responses [Docket No. 34].  As Plaintiff has filed his response [Docket No. 37] and the court considers it in its ruling, the motion for extension of time to respond is moot.

## *STANDARD OF REVIEW*

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in Plaintiff's Amended Complaint and construes those facts in the light most favorable to Plaintiff.  *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008).  Of course, the court does not accept as true conclusory statements or legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)( "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

To survive the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

> [T]he *Twombly / Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

## FEDERAL CLAIMS

### *Ron Coplan d/b/a Office of Juvenile Services*

Defendant Coplan's motion to dismiss [Docket No. 25] is granted for the reasons stated therein. Most importantly, Coplan and the OJA were not Plaintiff's employer, and thus cannot be liable under Title VII or the ADEA. Plaintiff did not even allege that he had any relationship with Coplan or the OJA. Moreover, Plaintiff makes no allegations of discrimination by Coplan or the OJA. Plaintiff alleges only that Coplan told a school district that he was not an OJA employee, that Coplan would not recant the statement, and that Coplan "has done several other actions." Plaintiff has not nudged his claims across the line from conceivable to plausible.

### *United Way of Tulsa & Jackie Miller d/b/a Okmulgee-Okfuskee County Youth Services*

The UWT argues that it was not Plaintiff's employer, but merely provided the funding under which Plaintiff was paid. This argument, however, goes beyond the scope of the pleadings. Plaintiff alleges that he was employed by UWT. For purposes of this motion, the court accepts it as true.

Jackie Miller argues that she was not Plaintiff's employer and cannot be sued in her individual capacity. Plaintiff, however, sued Miller as a "d/b/a," thus either in her official capacity or as an alter ego of her employer, the Okmulgee-Okfuskee County Youth Services ("OOCYS").

Nevertheless, as Plaintiff has failed to plausibly plead discrimination or retaliation, the motions to dismiss by the UWT and Miller are granted.[4] Plaintiff alleges only that Miller failed to pay him for his services after a client did not show for a therapy appointment and that the UWT did not review Miller's work. Other than the bald conclusory assertion that Defendants discriminated against him on the basis of his race, age, and disability, Plaintiff pleads nothing more. Plaintiff pleads no facts relating to the alleged discrimination. He does not include any allegations that would tend to show that the failure to pay him for this missed appointment was in any way related to his race, his age, or his disability. Plaintiff also does not allege that he "was treated differently than similarly situated employees." *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 Fed.Appx. 927, 934 (10th Cir. 2015). *See also Khalik*, 671 F.3d at 1193 ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

---

[4] Moreover, to the extent Plaintiff intended to add any claims of retaliation, he failed to exhaust his administrative remedies. Docket No. 24-1.

Similarly, while Plaintiff includes "U.S. Labor laws" in his list of "violations," he includes no facts giving rise to any particular violation. While the court construes the pleadings of *pro se* litigants liberally, it does not assume the role of advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

As this Plaintiff has already amended his complaint twice and this is the second round of motions to dismiss, the court finds that amendment would be futile. The Tenth Circuit has stated that "[t]he purpose of motion practice under Rule 12(b)(6) . . . is not for the court to 'identify' pleading deficiencies as to each defendant, with such deficiencies to be 'corrected' by serial amendments." *Shed v. Oklahoma Dep't of Human Srvcs*., 729 Fed.Appx. 653, 658 (10th Cir. 2018) (citation omitted).

## *STATE LAW CLAIMS*

As the court has dismissed all federal claims, it declines to exercise jurisdiction over the state claims. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)).

## *CONCLUSION*

As stated herein, Plaintiff's motion for extension of time [Docket No. 34] is MOOT. The motions to dismiss [Docket Nos. 24, 25, and 30] are hereby GRANTED as to the federal claims. The court declines to exercise jurisdiction over the state law claims.

**IT IS SO ORDERED** this 2nd day of December, 2019.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**